# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0484, <u>State of New Hampshire v. Jeffrey Woodburn</u>, the court on July 30, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Jeffrey Woodburn, appeals a decision of the Superior Court (<u>Bornstein</u>, J.), issued following a hearing, denying his motion for a new trial based on alleged ineffective assistance of counsel.  We affirm.

In 2019, the State charged the defendant with four counts of simple assault, two counts of domestic violence, two counts of criminal mischief, and one count of criminal trespass for a series of incidents involving E.J., the defendant's then intimate partner.  The earliest charged conduct, a simple assault charge and a criminal mischief charge, occurred on August 10, 2017.  Several other charges were derived from conduct that occurred on December 15 (simple assault and domestic violence) and December 24, 2017 (criminal mischief, criminal trespass, and simple assault), and other charged conduct that occurred on June 9-10, 2018.

All charges were tried before a single jury in the Coos County Superior Court on May 10-14, 2021.  The jury convicted the defendant of the two counts of criminal mischief (separately occurring on August 10 and December 24) as well as the December 15 simple assault and domestic violence charges.  The jury did not convict the defendant of the alleged August 10, 2017 simple assault, the alleged December 24, 2017 criminal trespass or simple assault, or of any of charges related to the events of June 9-10, 2018.

The defendant appealed.  This court affirmed the criminal mischief convictions and reversed the December 15 simple assault and domestic violence convictions, finding the trial court erred in not instructing the jury on the issue of self-defense.  <u>See</u> <u>State v. Woodburn</u>, 175 N.H. 645, 655 (2023).  This court remanded the simple assault and domestic violence convictions for a new trial.  <u>See</u> <u>id</u>. at 656.

Thereafter, on June 21, 2023, the defendant moved for a new trial on the two criminal mischief convictions, arguing his trial counsel was ineffective for not attempting to sever any charges and instead allowing all nine charges to be heard at the same trial.  The trial court held a hearing at which the defendant testified that trial counsel never discussed with him the possibility of moving to

sever the cases. The State did not depose trial counsel, and trial counsel did not testify at the hearing.

The trial court denied the defendant's motion for a new trial from the bench, stating, in part, that:

> [E]ven if joinder of all nine charges was improper, any alleged misjoinder is harmless error where the evidence is overwhelming with respect to the charged conduct . . . for which the Defendant seeks to have a new trial, the two criminal mischief charges in this case. Again, I find that the Defendant has not established the prejudice prong of the ineffective assistance of counsel test for two separate, independent reasons.

> First . . . the jury . . . convicted the Defendant only of the charges in which he admitted to engaging in the charged conduct, that is he admitted to kicking in the dryer door and forcing open the house door, and admitted to biting the alleged victim's hands in the car on December 15th. . . .

> [T]he jury's guilty verdicts on the two criminal mischief charges were based on and driven by the Defendant's own testimony, admitting to that conduct, and explaining it and taking responsibility for it.

> I also [find] that the Defendant has not established prejudice for a second reason, which is that the verdicts — the jury's verdicts themselves on these nine charges demonstrates the absence of any such prejudice. That is the jury found the Defendant not guilty [of other conduct that occurred on the same days as the criminal mischief conduct].

This appeal followed.

The defendant's claim of ineffective assistance of counsel rests upon both the State and Federal Constitutions. See N.H. CONST. pt. I, art. 15; U.S. CONST. amends. VI, XIV. We first address the defendant's claim under the State Constitution and rely on federal law only to aid in our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983). The New Hampshire Constitution guarantees a criminal defendant reasonably competent assistance of counsel. See State v. Cable, 168 N.H. 673, 680 (2016). To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate first that counsel's representation was constitutionally deficient, and second, that counsel's deficient performance actually prejudiced the outcome of the trial. Id.

To meet the first prong of this test, the defendant must show that counsel's representation fell below an objective standard of reasonableness. We judge the reasonableness of counsel's conduct based upon the facts and circumstances of that particular case, viewed from the time of that conduct. As we have explained, judicial scrutiny of counsel's performance must be highly deferential; a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the inherent difficulties in making this evaluation, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Because the proper measure of attorney performance remains simply reasonableness under prevailing professional norms, to establish that his trial attorney's performance fell below this objective standard of reasonableness, the defendant must show that no competent lawyer would have engaged in the conduct of which he accuses his trial counsel.

To meet the second prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the trial's outcome. The prejudice analysis considers the totality of the evidence presented at trial. Both the performance and prejudice prongs of the ineffectiveness inquiry are mixed questions of law and fact. Therefore, we will not disturb the trial court's factual findings unless they are not supported by the evidence or are erroneous as a matter of law, and we review the ultimate determination of whether each prong is met de novo. A failure to establish either prong requires a finding that counsel's performance was not constitutionally defective.

State v. Newton, 175 N.H. 279, 285 (2022) (citations omitted).

Here, we need not address the first prong, because, as the trial court found, the record supports a conclusion that joinder of the nine charges did not prejudice the defendant, who was acquitted of more than half of the charges. Although the defendant argues that "failing to sever allowed the jury to hear testimony about the couple's relationship that painted [the defendant] in a negative light," we agree with the trial court that evidence of actual prejudice is lacking where the defendant, through his trial testimony, admitted to the conduct that formed the criminal mischief charges, i.e. kicking in the complainant's drier door and kicking in the door to her home. The strength of the evidence related to the criminal mischief charges, in combination with the

3

jury's multiple not guilty findings as to other related charges, indicate that it was the direct evidence of the underlying conduct, rather than any extraneous relationship information that may have been rendered admissible due to the joinder of multiple charges, that prompted the jury's guilty findings on the criminal mischief charges.[1]

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances.  State v. Kepple, 155 N.H. 267, 269 (2007); Strickland v. Washington, 466 U.S. 668, 687 (1984). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution. The trial court's decision to deny the defendant's motion for a new trial is affirmed.

Affirmed.

Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] For example, the defendant was charged with criminal mischief and simple assault for the incidents that occurred on August 10, 2017, yet the jury acquitted him of the August, 10, 2017 simple assault.  Similarly, the defendant was charged with criminal mischief, criminal trespass, and simple assault for the events that occurred on December 24, 2017; however, the jury acquitted the defendant of the related criminal trespass and simple assault charges.

4